# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> SERGIO GARCIA-VIRELAS, <br> Defendant. | Crim. No. 10-0336-05 (TFH) |

## MEMORANDUM OPINION

Pending before the Court is Defendant Sergio Garcia-Virelas's *pro se* motion, titled "Retroactive 18 USC 2255 Bases [sic] on Dean v. United States" ("§ 2255 Motion") [ECF No. 229]. The defendant challenges his sentence as "procedurally and substantively unreasonable" in light of *Dean v. United States*, 137 S. Ct. 1170 (2017). Mot. at 2. The government opposes the motion on grounds of timeliness and on the merits. Opp'n [ECF No. 256]. For the reasons that follow, the defendant's § 2255 Motion will be denied.

## BACKGROUND

On June 28, 2011, the defendant entered a plea of guilty to a two-count criminal information charging him with one count of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841, and one count of Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). *See* June 28, 2011 Minute Entry; *see also* Information [ECF No. 87]; Plea Agreement [ECF No. 91]. Each count carried a 60-month mandatory minimum sentence, and the term of imprisonment for Count Two was required to run consecutive to any sentence imposed for Count One. *See* PSR ¶¶ 94-95 [ECF No. 101]; *see also* 18 U.S.C. § 924(c)(1)(D)(ii)

("no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.").

As reflected in the presentence report prepared by the United States Probation Office, the defendant faced a Guidelines sentencing range of 168-210 months on Count One. PSR ¶ 96. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the defendant and the government agreed that a below-Guidelines range of 120-144 months imprisonment was the appropriate sentence. Plea Agreement ¶ 3. On October 11, 2011, the Court accepted the parties' Rule 11(c)(1)(C) agreement and imposed a sentence of 132 months: 72 months on Count One, and a consecutive 60-month sentence on Count Two. Sentencing Tr. 14:6-17, Oct. 12, 2011 [ECF No. 255]; *see also* Judgment [ECF No. 140]. The defendant did not file a direct appeal.

## ANALYSIS

Petitions filed under 28 U.S.C. § 2255 are subject to a one-year limitations period that generally begins to run "from the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). But when the right being asserted in the petition "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the petition may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3).

In *Dean v. United States*, the Supreme Court held that a sentencing court is not prohibited from considering the impact of a mandatory sentence required by § 924(c) in determining the appropriate sentence for the predicate violent or drug trafficking crime. 137 S. Ct. at 1176-77 ("Nothing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the

related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count."). The defendant asserts that as a result of this decision, his "term of imprisonment [is] procedurally and substantively unreasonable," and requests that the Court reduce his sentence to 72 months and one day." § 2255 Motion at 2-3.

But *Dean* does not afford the defendant the relief he seeks because the Supreme Court has not made it retroactive to cases on collateral review. *See, e.g., Garcia v. United States*, 923 F.3d 1242, 1245-46 (9th Cir. 2019) (holding that *Dean* has not been made retroactive to cases on collateral review); *In re Dockery*, No. 17-50367, 2017 WL 3080914, at *1 (5th Cir. July 20, 2017) (denying petitioner's motion for authorization to file a successive § 2255 because the Supreme Court has not made *Dean* retroactive to cases on collateral review) (per curiam); *Habeck v. United States*, 741 F. App'x 953, 954 (4th Cir. 2018) (recognizing that *Dean* has not been held to apply retroactively to cases on collateral review) (per curiam); *United States v. Mashore*, 2018 WL 5116492, at *2 (E.D. Va. Oct. 19, 2018) (*Dean* "fails to recognize a new right that applies retroactively to cases on collateral review."). Accordingly, *Dean* is inapplicable and the defendant's § 2255 Motion is untimely.[1]

---

[1] Even assuming arguendo that *Dean* applied retroactively, it would not entitle the defendant to a sentence reduction. Here, the statutory mandatory minimum sentence the Court could have imposed for the defendant's offenses was 120 months. The parties' Rule 11(c)(1)(C) plea agreement included a negotiated sentencing range of 120-144 months, which was a substantial decrease from the defendant's applicable Guidelines range, and the defendant was permitted to – and did – request that the Court impose the statutory minimum sentence of 120 months. The Court did not misunderstand its options when it chose to accept the parties' Rule 11(c)(1)(C) agreement, depart downward from the Guidelines, and impose a sentence of 132 months. Therefore, even on its merits, *Dean* would not entitle the defendant to a sentence reduction.

3

## CONCLUSION

For these reasons the Court will deny the defendant's § 2255 Motion [ECF No. 229]. An order consistent with this Memorandum Opinion will be separately issued.

February 26th, 2020

Thomas F. Hogan
Senior United States District Judge